958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mark CUMMINGS, Petitioner-Appellant,
v.
Gordon ABRAHAMSON, Respondent-Appellee.
 No. 90-3474.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 7, 1991.*
Decided March 26, 1992.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 ORDER
 Mark Cummings, a pro se litigant, unsuccessfully appealed his Wisconsin state court first degree murder conviction. Thereafter he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, citing trial errors and ineffective assistance of trial and appellate counsel. Cummings appeals from the district court's denial of his petition. Because Cummings failed to raise his claim of ineffective representation of appellate counsel in the state court proceedings, and he has available a state remedy, we dismiss the habeas petition for lack of exhaustion.
 I. FACTS
 After a three-day jury trial in a Wisconsin court, Cummings was convicted of two counts of first degree murder while using a dangerous weapon. He was sentenced to two consecutive life terms with an additional five-year penalty enhancement for each term because of the use of a dangerous weapon in committing a felony. Cf. Wis.Stats. § 939.63(1). Cummings is indigent, and since he desired to challenge the effectiveness of his trial attorney, the court appointed a different attorney for his appeal. After two meetings with Cummings, the appellate attorney allegedly withdrew[1] from the case as a result of her determination that the appeal was without merit. The appellate attorney failed to file a brief pursuant to the requirement of Wis.Stats. § 809.32 and Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). Following counsel's withdrawal, Cummings filed two pro se briefs with the trial court in support of a post-conviction motion to vacate his sentence. The post-conviction briefs raised numerous reasons for vacating the sentence, including an allegation of ineffective assistance of counsel. In his brief devoted specifically to Cummings' assertion that his sentence should be vacated because his trial counsel's performance was ineffective, Cummings cited Anders for the proposition that his appellate attorney should not have been allowed to withdraw from representing him. But the defendant failed to develop the argument that his appellate counsel's alleged withdrawal would constitute ineffective assistance of counsel on appeal, and the district court for some reason unknown ignored the issue, possibly because it did not directly bear upon the issue of whether Cummings' sentence should be vacated.
 
 
 1
 In the appeal of his conviction and denial of post-conviction relief, the defendant again alluded to his appellate counsel's failure to file an Anders brief, but his sole reference to ineffective assistance of appellate counsel was in the facts section of his brief; he again failed to argue that the appellate counsel's alleged withdrawal constituted ineffective assistance of counsel on appeal. Cummings directly addressed the argument that his appellate counsel's alleged withdrawal constituted ineffective assistance of counsel on appeal for the first time in his petition for review filed with the Wisconsin Supreme Court. In opposition to the petition for review, the state noted that since the claim of ineffective post-conviction representation was not addressed by the appellate court, there was no prior disposition of the issue for the Wisconsin Supreme Court to review. Accordingly, the Wisconsin Supreme Court denied the request for review. Rather than moving for post-conviction relief in state court on the basis of ineffective assistance of counsel, Cummings filed his petition for habeas corpus relief in federal court.
 
 
 2
 In response to Cummings' request for habeas corpus, the state argued that the petition should be dismissed for Cummings' failure to exhaust his state remedy:
 
 
 3
 "There is a state court remedy available to Cummings if he wishes to pursue the issue of the effectiveness of his appellate counsel. Opportunity for review of the issue still exists via a motion under sec. 974.06, Wis.Stats., Wisconsin's post conviction collateral relief procedure.
 
 
 4
 "Accordingly, because Cummings has presented an unexhausted issue with other exhausted issues in his petition, and because there remains an available state remedy by which the unexhausted issue can be pursue[d], his petition is a 'mixed petition' that should be dismissed pursuant to Rose v. Lundy, 455 U.S. 509 (1982)...."
 
 
 5
 The state understandably has not pursued this argument on appeal, as the district court denied Cummings' petition for habeas. But since this court will not ordinarily review the merits of habeas requests when the defendant has failed to exhaust state remedies, exhaustion is the sole issue we consider on this appeal.
 
 II. EXHAUSTION
 28 U.S.C. § 2254(b) mandates that:
 
 6
 "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."
 
 
 7
 While a petitioner's failure to exhaust his state remedies does not deprive a federal court of jurisdiction to consider the merits of the claim, the Supreme Court has made it clear that "there is a strong presumption in favor of requiring the prisoner to pursue his available state remedies...." Granberry v. Greer, 481 U.S. 129, 131, 107 S.Ct. 1671, 1674 (1987). A habeas petition that raises an unexhausted state claim must be dismissed unless the interests of justice would be better served by addressing the merits of the issue without deferring to state proceedings, and this is not such a case. See id. at 136, 107 S.Ct. at 1676. The presumption of requiring exhaustion in the state system prior to considering the merits of a petitioner's claim applies with equal force when the prisoner submits an unexhausted claim along with exhausted claims:[2] "[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205 (1982).
 
 
 8
 As the state noted in its answer to Cummings' petition for habeas relief in the district court, Wisconsin law provides a vehicle for the petitioner to seek a remedy for allegedly being deprived of an attorney in pursuing his direct criminal appeal.
 
 
 9
 "After the time for appeal or post-conviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the Constitution or laws of this state ... or that the sentence ... is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."
 
 
 10
 Wis.Stats. § 974.06(1). Cummings mentioned the appellate counsel's alleged withdrawal from the case in his post-conviction motion as well as his brief on direct appeal, but he failed to seek relief on the basis of ineffective appellate counsel.[3] Because Cummings has failed to exhaust this issue, a state court remedy remains available to him.[4] Thus, Cummings' habeas petition must be dismissed for lack of exhaustion.
 
 
 11
 If we were convinced that Cummings is entitled to no relief whatsoever on his ineffective assistance of appellate counsel argument, we would summarily affirm the district court's denial of habeas relief, for Cummings' other arguments are without merit. See Grandberry, 481 U.S. at 135 n. 7, 107 S.Ct. at 1675 n. 7 ("it is appropriate for the court of appeals to dispose of nonmeritorious petitions without reaching the nonexhaustion issue."). But if Cummings' allegation that his appellate attorney withdrew because she believed his appeal lacked merit is accurate, her failure to comply with Anders and file a brief with the state court addressing the arguments that could be raised on appeal and explaining why they were meritless, along with the trial court's failure to appoint another appellate attorney, is a question that should possibly be addressed at an evidentiary hearing in that these failures might conceivably be violative of Cummings' right to effective assistance of counsel on direct appeal from a criminal conviction, as set forth in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814 (1963). See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). We would be inclined to hold that the frivolous nature of Cummings' other claims prevents the lack of appellate counsel from meeting the prejudice prong of Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067 (1984), or that any error in failing to provide alternative counsel was harmless under the doctrine of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824 (1967). But in view of the Supreme Court's statement in a somewhat analogous case, Penson v. Ohio, 109 S.Ct. 346, 354 (1988), that "[i]t is ... inappropriate to apply either the prejudice requirement of Strickland or the harmless-error analysis of Chapman " when an indigent defendant is without counsel for his direct appeal, both options appear to be foreclosed. We are unaware of any set of facts under which the Supreme Court would find that an indigent defendant who requested, but did not receive, an attorney on direct appeal of a criminal conviction could survive a Sixth Amendment challenge from the defendant. Therefore, we dismiss Cummings' petition for lack of exhaustion rather than affirm the district court's denial of relief, even though we believe the resolution of his claims would likely be the same regardless of how effective an appellate attorney might be.
 
 III. CONCLUSION
 
 12
 Since we are unable to discern from the record whether the appellate attorney withdrew, as Cummings alleges, or whether Cummings dismissed her because of her disagreement with his strategy, we believe the interests of justice will be best served by dismissing this habeas petition for lack of exhaustion. Cummings is free to pursue his claim of ineffective assistance of appellate counsel through the Wisconsin post-conviction relief statute. In our opinion, the Wisconsin state courts should have the first opportunity to address the claim. Any delay caused by requiring Cummings' to exhaust his state court remedy will not create an injustice, for our search of the record reveals no error that would entitle him to ultimate relief from the sentence imposed. The prisoner's habeas corpus petition is
 
 
 13
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The record is unclear as to whether the appellate attorney withdrew, as Cummings asserts, or the defendant dismissed her
 
 
 [2]
 Cummings' habeas petition included the unexhausted claim of ineffective assistance of appellate counsel as well as several exhausted claims
 
 
 [3]
 Since Cummings pursued his post-conviction relief pro se, we would be very hesitant based on this record to deny the writ on the ground that he "knowingly, voluntarily and intelligently" waived the right to raise the argument. Cf. Wis.Stats. § 974.06(4). Because, the state argued in the district court that "[o]pportunity for review of the issue still exists via a motion under sec. 974.06, Wis.Stats.," the state is prevented from arguing waiver in a later proceeding based on the doctrine of judicial estoppel
 
 
 [4]
 We do not criticize the Wisconsin Supreme Court for not accepting the petition for review. Because Cummings failed to directly raise his claim of ineffective assistance of appellate counsel prior to his petition for review, there was no ruling for the Wisconsin Supreme Court to review